# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN PATTERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-376-HE |
| | ) |
| MARVIN VAUGHN, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241,[2] raising a challenge to a prison disciplinary conviction for possession of a green leafy substance. Petition, sequential p. 5. This conviction resulted in the loss of 365 earned credits. *Id.* at sequential p. 1. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Motion to Dismiss [Doc. No. 11], seeking dismissal of the petition on the grounds that Petitioner failed to exhaust available administrative and state judicial remedies prior to

---

[1] The Petitioner named the Oklahoma Department of Corrections, Avalon Correctional of Tulsa, Oklahoma, Donnie Coffman and Chief James as Respondents. Nonetheless, where the applicant is currently in custody pursuant to a state court judgment, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Marvin Vaughn, Warden of William Key Correctional Center where Petitioner is incarcerated, is the properly named Respondent and is substituted as such herein.

[2] Petitioner filed his petition on the form used for actions under 28 U.S.C. § 2254. Nonetheless, as Petitioner is challenging a prison disciplinary conviction, he is challenging the execution of his sentence rather than the fact of his conviction, and therefore, the action has been construed as one under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

filing this federal habeas action and on the additional ground that his claims are barred by the statute of limitations.[3]  Petitioner has filed a Response [Doc. No. 12] to the motion and the matter is now at issue.  For the reasons set forth below, it is recommended that Respondent's motion to dismiss for failure to exhaust available state court remedies be granted.

**Factual and Procedural Background**

Following his February 2011 misconduct conviction, Petitioner sought to exhaust his administrative remedies through the procedure afforded by the Oklahoma Department of Corrections.  Motion, pp. 2 - 3, Exhibit 5, p. 14, and Exhibits 6 - 14; Response, p. 4.  He then filed a petition in Tulsa County District Court on August 16, 2011, seeking review of the disciplinary proceedings but was denied relief on November 10, 2011, because he named the wrong party.  Motion, p. 3, Exhibits 15 and 16; Response, p. 4.  On December 30, 2011, Petitioner filed an appeal from that decision with the Oklahoma Court of Criminal Appeals; that court declined jurisdiction on January 31, 2012, because the Petition in Error had not been timely filed.  Motion, p. 3, Exhibit 17, p. 4, and Exhibit 18; Response, p. 4.

On September 2, 2011, shortly after filing his petition in Tulsa County District Court, Petitioner sought habeas relief in this court.  *See* CIV-11-982.  On the recommendation of Magistrate Judge Argo, Judge Heaton dismissed the petition on December 21, 2011, for failure to exhaust available state court remedies.  Motion, p. 3, Exhibit 4.  Then, in his final

---

[3]Respondent's argument with respect to the expiration of the statute of limitations is not fully developed.  While Respondent addresses equitable tolling, possible statutory tolling is not discussed [Doc. No. 11, pp. 11 - 12].

request for judicial relief prior to filing the instant action on April 6, 2012, Plaintiff filed a petition in Oklahoma County District Court on November 30, 2011, seeking, once again, a review of the prison disciplinary proceedings. Motion, p. 4, Exhibits 19 and 20. On March 9, 2012, the court denied relief to Petitioner, finding that he had failed to exhaust his administrative remedies. *Id.* Petitioner has not appealed from this decision. Motion, Exhibit 20.

**Analysis**

In moving for dismissal, Respondent maintains, first, that Petitioner failed to exhaust his administrative remedies in that he failed to file an appeal of his disciplinary conviction to the facility head, Motion, pp. 3 and 5 - 7. Petitioner contends that an appeal was filed. Response, p. 4. It is not necessary to resolve this issue – particularly in the absence of any argument with regard to the preclusive effect of the findings of the Oklahoma County District Court – because it is undisputed that Petitioner has failed to fully exhaust his state court remedies by appealing, or properly appealing, either the ruling by the Tulsa County District Court or the Oklahoma County District Court.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions

3

brought under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *see Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). This exhaustion requirement requires the prisoner to properly present his claims to the State's highest court, either by direct review or a post conviction attack. *Ellibee v. Feleciano*, 374 Fed. Appx. 789, 793 (10th Cir. 2010). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. The petitioner bears the burden to show that state court remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

In the face of Respondent's averments that Petitioner did not properly appeal the determination of the Tulsa County District Court to the Oklahoma Court of Criminal Appeals, Motion, p. 3, and did not appeal the determination of the Oklahoma County District Court to the Oklahoma Court of Criminal Appeals, Motion, p. 4, Petitioner fails to argue otherwise. Moreover, Petitioner does not suggest that it would be futile for him to exhaust his state court remedies. Thus, dismissal without prejudice[4] is warranted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the following reasons, it is the recommendation of the undersigned Magistrate

---

[4]Respondent has not advanced a supported argument with regard to possible procedural default.

Judge that the petition for writ of habeas corpus be dismissed without prejudice for Petitioner's failure to exhaust his available state court remedies. If this recommendation is adopted, it is further recommended that other pending motions [Doc. Nos. 13 and 14] be denied as moot.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 4th day of September, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of August, 2012.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE