## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERMAN PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-12-0376-HE |
| | ) | |
| MARVIN VAUGHN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a prisoner appearing *pro se*, filed this § 2241 action challenging a prison disciplinary conviction that resulted in his loss of earned credits. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Bana Roberts, who recommends that respondent's motion to dismiss be granted and the petition be dismissed without prejudice because petitioner failed to exhaust his available state court remedies.

Petitioner has filed an objection, asserting that he did exhaust because he "gave each court one full opportunity." Objection, p. 3. He also asserts that "time has ran out and petitioner has no availability to exhaust any state remedies." Id. at p. 7. However, petitioner does not challenge the magistrate judge's determination that he failed to appeal or properly appeal the rulings of the Oklahoma and Tulsa County District Courts to the Oklahoma Court of Criminal Appeals. He also has not shown that exhaustion would be futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i),(ii). See Reyna v. Ledezma, 415 Fed.Appx. 926, 927 (10th Cir. 2011)

(unpublished) ("But the futility exception is quite narrow. We generally apply the exception when administrative relief is "effectively foreclosed."") (internal quotations omitted).

Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Roberts, **GRANTS** respondent's motion to dismiss [Doc. #11] and **DISMISSES** the petition for failure to exhaust without prejudice.  Petitioner's motion to compel [Doc. # 13] and motion for protection [Doc. #14] are **DENIED** as being **MOOT**.[1]   The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c )(2).

**IT IS SO ORDERED**.

Dated this 13th day of September, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *Petitioner's motion for protection appears to be based on his claim that he has served his sentence, but is being denied release because of his loss of earned credits.  To the extent petitioner is contending he is being held for a different reason, it is too late for him to amend his petition to allege such a claim in this action.  He must assert it in a separate lawsuit.*